UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SCOTT WILLIAM DAVIS, BB0517,
    Plaintiff,
    v.
SONOMA COUNTY SHERIFF'S OFFICE, et al.,
    Defendant(s).

Case No. 18-cv-05560-CRB (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner at the Correctional Training Facility (CTF) in Soledad, California, filed a pro se Second Amended Complaint (SAC) under 42 U.S.C. § 1983 alleging that after he was sentenced to state prison on August 5, 2016 he was taken to Sonoma County Jail (SCJ) to await transfer to the state department of corrections. While at SCJ, plaintiff tried to file an appeal on his own after he fired his attorney but was unable to do so because he could not access certain legal materials. He filed several grievances to gain access to legal materials he argued he needed to file an appeal on his own, but the grievances and access to the materials were denied. Plaintiff hired a new attorney to file an appeal but claims that he was denied his constitutional rights of access to the courts and to self-representation because he could not file an appeal on his own.

## DISCUSSION

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. Legal Claims

It is well established that prisoners have a constitutional right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350 (1996); Bounds v. Smith, 430 U.S. 817, 821 (1977). But to establish a claim for any violation of the right of access to the courts, a prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis, 518 U.S. at 349-51. A prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement to prove an actual injury. See id. at 351, 354-55.

In order for plaintiff to prove an actual injury here, he must show that denying him access to the legal materials he sought at SCJ prevented him from appealing his conviction. See, e.g., Hebbe v. Pliler, 627 F.3d 338, 343 (9th Cir. 2010) (prisoner demonstrated that denying him law library access while on lockdown resulted in actual injury because he was prevented from appealing his conviction). But plaintiff cannot make this showing because he was not prevented from appealing his conviction. Plaintiff hired a new attorney and the attorney filed an appeal of plaintiff's conviction. Plaintiff does not state a claim for violation of the right of access to the courts. Afterall, just the availability of counsel satisfies the constitutional obligation to provide meaningful access to the courts. See Storseth v. Spellman, 654 F.2d 1349, 1353 (9th Cir. 1981).

Plaintiff argues that he was denied his constitutional right to self-representation because he was unable to appeal his conviction on his own and had to resort to hiring a new attorney to appeal his conviction. But the constitutional right to self-representation recognized in Faretta v. California, 422 U.S. 806 (1975), is "confined to the right to defend oneself at trial." Martinez v. Court of Appeal of California, 528 U.S. 152, 154 (2000). Neither the holding nor the reasoning of Faretta requires states to recognize a constitutional right to self-representation on direct appeal from a criminal conviction. Id. at 163. Plaintiff does not state a claim for violation of the right to self-representation.

# CONCLUSION

For the foregoing reasons, the SAC is DISMISSED under 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED**.

Dated: June 20, 2019

_____
CHARLES R. BREYER
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT WILLIAM DAVIS,<br><br>        Plaintiff,<br><br>   v.<br><br>SONOMA COUNTY SHERIFF'S OFFICE, et al.,<br><br>        Defendants. | Case No. 3:18-cv-05560-CRB<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 20, 2019, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Scott William Davis ID: #BB0517
Correctional Training Facility
P.O. Box 705
Soledad, CA 93960

Dated: June 20, 2019

                                    Susan Y. Soong
                                    Clerk, United States District Court

                                  By: _____
                                  Lashanda Scott, Deputy Clerk to the
                                  Honorable CHARLES R. BREYER